## SAME CASE—ON A RE-HEARING.

No judgment can be given on appeal, which the court, *a qua*, was incompetent to render.

*R. N.* and *A. N. Ogden*, for a re-hearing urged, that the court could give no judgment which the court below was incompetent to pronounce; that the Court of Probates has no jurisdiction, *ratione materiæ*, of any claim against the plaintiff for a sum of money; that her consent could not have conferred it; that far from consenting, she excepted to that part of the defendants' answer which contained a claim in reconvention, and her exception was sustained, the court declaring in its judgment, that it only examined and decided upon the claims set up against her, as a defence to, or in compensation of her own claims. If it was considered by the court that she ought to pay anything, the judgment should have gone no further than to reserve to the administrators their right to claim it from her in the District Court, and to her, the right to resist the claim by showing a subrogation to the rights of the mortgage creditors.

It is not believed that it was intended by the court, that the plaintiff should pay anything; but as the language of the decree may admit of dispute, we pray that it may be amended. There is full proof in the record that the plaintiff has paid the debt to Shepherd in full, and almost the whole of the debt to Gardère.

For the purpose of subrogation, it is unimportant how the payment is made, provided it has the effect to extinguish the claim of the original creditor against the debtor for whom the payment was made. The plaintiff has shown a legal subrogation to the rights of the mortgage creditors; and the language of the decree ought to express clearly, that, in virtue of that subrogation, she is entitled to retain the sum due by her to the estate, which, if paid, could only be paid for the benefit of these very mortgages, the estate, in all other respects, having been fully settled up, and all the privileged claims paid off.

SIMON, J. The grounds upon which a re-hearing was applied for in this case, are : 1. That no judgment can be rendered against the plaintiff which the court below was incompetent to give ; and that, therefore, our judgment should have gone no further than to reserve to the administrators their right to claim from her in the District Court, the balance which is liquidated by our first decision, as due by her to the succession of her husband, for the value of the improvements.

Waggaman v. Zacharie and another, Administrators.

2d. That there being full proof in the record, that the plaintiff has paid the greatest part of the mortgage debts which she had assumed, and is in possession of most of the notes, she has shown a legal subrogation to the rights of the mortgage creditors ; and is entitled to retain at once, the sum due by her to the estate, which, if paid, could only be paid for the benefit of those very mortgages.

I. Our judgment goes no further than liquidating the balance which the plaintiff is to pay to the defendants for the value of the increase of her property ; and, although no reservation is made therein as to the administrators' right to claim and recover it, before the ordinary tribunals, we never entertained the idea that we were rendering such judgment against her for said balance as the court, a qua, was incompetent to give, and that our judgment was such as to authorize an execution to issue against her upon it from the Probate Court. It was necessary, in the contradictory settlement and liquidation of the rights of the parties under the pretensions of the plaintiff, to compensate the whole amount of the value of the improvements with the claims by her set up against the estate—to say what part thereof was compensated, and to point out the amount which she was to pay the defendants, " to be by them applied in the course of administration, to the satisfaction of the privileged, mortgage, and ordinary debts of the succession, according to their rank." But as it had been intimated to us, that the object of this suit was merely to settle the rights of the parties, so as to afford them the means of bringing the succession of the plaintiff's husband to a legal and final liquidation, we had not thought it necessary to go further than to state in our decree, in what manner the rights of the plaintiff should be considered by the administrators, in making their tableau of distribution, and fixing the balance due by the plaintiff. What we had understood from the counsel, had induced us to believe, that our judgment was to be the basis of a subsequent amicable settlement of the rights of the parties. Be this as it may, it is clear, that the Probate Court could not render any final judgment against the plaintiff for any sum of money; and that we cannot give any other judgment but that which should have been remdered below.

II. It may be true, that the plaintiff has shown a sufficient

legal subrogation, and that she will be, perhaps, ultimately enti-
tled to apply the balance due by her to the satisfaction, *pro tanto,*
of her mortgage claims; but the record does not show the situa-
tion of the succession, and there may be privileged and mort-
gage claims against the estate of a higher rank than hers. No
tableau of distribution could be filed by the administrators until
the settlement and liquidation of the plaintiff's rights; and all
that we could legally determine in this suit, with regard to the
balance which she owes to the estate, was to reserve to her the
right of claiming from the administrators, (in deduction of the
said balance,) whatever portion of the funds of the estate may be
placed on the tableau of distribution as applicable to the satisfac-
tion of the mortgage debt, for which she has made herself respon-
sible. She owes to the succession a balance of $7504 70. This
sum is to be paid to the defendants as part of the assets of the es-
tate which they administer; and it will, perhaps, be time enough
when the final tableau of distribution is filed, to ascertain what
portion thereof, if any, she will be bound to pay to the defendants,
and to recover which, they will be entitled to proceed against her,
if necessary, before the ordinary tribunals.

Let our judgment be so amended and modified, that, instead
of decreeing the plaintiff to pay the balance, to wit, $7504 70 to
the defendants, said balance be taken and considered as being the
amount of the plaintiff's liability to the succession of her hus-
band, to be applied by the defendants in due course of adminis-
tration, to the satisfaction of the debts of the succession, &c.;
further reserving to the defendants the right to claim of the plain-
tiff, before the ordinary tribunals, the whole amount of said ba-
lance, or any portion thereof which she may be found to owe to
the succession, after the homologation of the final tableau of dis-
tribution of the funds and assets of the estate; and, except as here-
in amended, let our first judgment remain undisturbed.